# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN GRAVES | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-10-619 |
| OFFICER GOVER | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 11. Although he was advised of his right to file a response in opposition to Defendant's motion and the consequences of failing to do so, Plaintiff has not filed anything further in this case. *See* ECF No. 12. For the reasons that follow, the motion, construed as a Motion for Summary Judgment, shall be granted and the Complaint dismissed.

## Background

Plaintiff, an inmate at North Branch Correctional Institution (NBCI), alleges on March 3, 2010, during a cell search, Defendant kicked him in the stomach and punched him twice in the face. ECF No. 1 at p. 4. He states Defendant and Sergeant Huff were escorting Plaintiff and his cellmate to the showers when Defendant entered the cell for a shakedown. Id. at p. 6. Defendant found a brown bag with some cosmetics in it under Plaintiff's bunk which belonged to Plaintiff and his cellmate. Id. Defendant picked the bag up and said he was going to inventory the bag. Id. Plaintiff and his cellmate asked Defendant why he was inventorying the bag since it contained allowable cosmetics. Id. Defendant told them to shut up, which angered Plaintiff.

Plaintiff claims that Defendant grabbed him by the arms and told him to walk back into the cell. Id.

Plaintiff states he told Defendant not to put his hands on him and Defendant responded by kicking him in the stomach and punching him in the left side of the face. Id. Plaintiff claims he began having a seizure and told Defendant repeatedly not to touch him. Id. at 7. Plaintiff was then strip searched and later taken to see a nurse for his claims of injury. Id. Plaintiff states he was kept in a single cell for two days. Id. When Plaintiff returned to his cell, some of his property was missing and he was told by his cellmate that officers came to the cell and destroyed some of his property without reason. Id. Plaintiff states he was no threat to anyone during incident because he was handcuffed the whole time. Id.

Defendant states that Plaintiff received a notice of infraction for the March 3, 2010, incident. See ECF No. 11 at Ex. 1. Defendant states he went to Plaintiff's cell to escort him and his cellmate, Robert Lowry, to the shower. ECF No. 11 at 2. After securing both inmates in handcuffs, Defendant called the control center via the radio to have the cell door opened. Id. After Plaintiff and Lowry were removed from the cell, Defendant entered it to perform "bar check" and noticed a brown bag overflowing with cosmetics. Id. Defendant then began escorting Lowery to the shower, and informed both inmates that the excess cosmetics would be confiscated. Id.

Plaintiff then attempted to pull away from Sgt. Huff and stated: "Fuck you, you can't take my stuff!" Id. Defendant then assisted Huff with escorting Plaintiff back to his cell. Once inside the cell, Plaintiff turned around and moved toward the open cell door, requiring Defendant and Huff to restrain him against the wall. Id. Plaintiff was restrained in that manner until he became compliant with orders. Id. When Plaintiff later complained that he had been assaulted, he was

seen by Nurse Tavis Barnhart, who noted that Plaintiff answered questions calmly and appropriately, showing no signs of distress.  Id. at 2-3.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . .the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S. Ct. 1175, 1178 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. Id. at 1179.

Defendant alleges, and Plaintiff does not dispute, that there was a need for the force used. Indeed, Plaintiff's complaint admits he was, at best, argumentative with the officers regarding the confiscation of his property. Defendant claims Plaintiff's disagreement went beyond a verbal dispute and that he posed a threat to the security of the institution. In addition, Defendant denies kicking or punching Plaintiff during the course of restraining him. Thus, the undisputed facts establish that there was need for the force employed and the force used was the minimal amount necessary to restore discipline.

Defendant is entitled to summary judgment in his favor. A separate Order follows.

December 9, 2010                          /s/
Date                                       ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE